# Exhibit A

ELECTRONICALLY FILED
11/30/2021 7:13 PM
02-CV-2021-902106.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

| State of Alabama<br>Unified Judicial System<br>Form ARCiv-93   Rev. 9/18 | **COVER SHEET**<br>**CIRCUIT COURT - CIVIL CASE**<br>(Not For Domestic Relations Cases) | Case Number: 02<br>Date of Filing: 11/30/2021 | Judge Code: |

## GENERAL INFORMATION

**IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA**
**TODD BOEHM ET AL v. THE TERMINIX INT'L CO., LP**

**First Plaintiff:** ☐ Business  ☑ Individual  ☐ Government  ☐ Other
**First Defendant:** ☑ Business  ☐ Individual  ☐ Government  ☐ Other

**NATURE OF SUIT:** Select primary cause of action, by checking box (check only one) that best characterizes your action:

**TORTS: PERSONAL INJURY**
- ☐ WDEA - Wrongful Death
- ☐ TONG - Negligence: General
- ☐ TOMV - Negligence: Motor Vehicle
- ☐ TOWA - Wantonness
- ☐ TOPL - Product Liability/AEMLD
- ☐ TOMM - Malpractice-Medical
- ☐ TOLM - Malpractice-Legal
- ☐ TOOM - Malpractice-Other
- ☑ TBFM - Fraud/Bad Faith/Misrepresentation
- ☐ TOXX - Other:

**TORTS: PERSONAL INJURY**
- ☐ TOPE - Personal Property
- ☐ TORE - Real Properly

**OTHER CIVIL FILINGS**
- ☐ ABAN - Abandoned Automobile
- ☐ ACCT - Account & Nonmortgage
- ☐ APAA - Administrative Agency Appeal
- ☐ ADPA - Administrative Procedure Act
- ☐ ANPS - Adults in Need of Protective Service

**OTHER CIVIL FILINGS (cont'd)**
- ☐ MSXX - Birth/Death Certificate Modification/Bond Forfeiture Appeal/Enforcement of Agency Subpoena/Petition to Preserve
- ☐ CVRT - Civil Rights
- ☐ COND - Condemnation/Eminent Domain/Right-of-Way
- ☐ CTMP - Contempt of Court
- ☐ CONT - Contract/Ejectment/Writ of Seizure
- ☐ TOCN - Conversion
- ☐ EQND - Equity Non-Damages Actions/Declaratory Judgment/Injunction Election Contest/Quiet Title/Sale For Division
- ☐ CVUD - Eviction Appeal/Unlawful Detainer
- ☐ FORJ - Foreign Judgment
- ☐ FORF - Fruits of Crime Forfeiture
- ☐ MSHC - Habeas Corpus/Extraordinary Writ/Mandamus/Prohibition
- ☐ PFAB - Protection From Abuse
- ☐ EPFA - Elder Protection From Abuse
- ☐ QTLB - Quiet Title Land Bank
- ☐ FELA - Railroad/Seaman (FELA)
- ☐ RPRO - Real Property
- ☐ WTEG - Will/Trust/Estate/Guardianship/Conservatorship
- ☐ COMP - Workers' Compensation
- ☐ CVXX - Miscellaneous Circuit Civil Case

**ORIGIN:**  F ☑ INITIAL FILING      A ☐ APPEAL FROM DISTRICT COURT      O ☐ OTHER
R ☐ REMANDED      T ☐ TRANSFERRED FROM OTHER CIRCUIT COURT

**HAS JURY TRIAL BEEN DEMANDED?** ☑ YES  ☐ NO
Note: Checking "Yes" does not constitute a demand for a jury trial. (See Rules 38 and 39, Ala.R.Civ.P, for procedure)

**RELIEF REQUESTED:** ☑ MONETARY AWARD REQUESTED  ☐ NO MONETARY AWARD REQUESTED

**ATTORNEY CODE:** SEA033      11/30/2021 7:13:54 PM      /s/ HENRY RAVESIES SEAWELL IV
                                 Date                     Signature of Attorney/Party filing this form

**MEDIATION REQUESTED:** ☐ YES  ☑ NO  ☐ UNDECIDED

**Election to Proceed under the Alabama Rules for Expedited Civil Actions:** ☐ YES ☐ NO

DOCUMENT 2

Case 1:22-cv-00001-WS-MU   Document 1-1   Filed 01/03/22   Page 3 of 19   PageID #: 11

ELECTRONICALLY FILED
11/30/2021 7:13 PM
02-CV-2021-902106.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

# IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

| | | |
|---|---|---|
| TODD BOEHM and <br> LAUREN BOEHM <br><br> Plaintiffs, <br><br> vs. <br><br> THE TERMINIX INTERNATIONAL COMPANY LIMITED PARTNERSHIP, and DEFENDANTS NO. 1 through 10 being those persons, firms, corporations, or other entities or individuals, who, at all times relevant to this complaint, were employed by any Defendant, conspired with any Defendant, or with those other individuals and entities whose conduct contributed to cause the occurrences made the basis of this lawsuit; and/or who are the successors or predecessors in interest, trustees, attorneys-in-fact, principals, employees, or agents of any of those individuals or entities described above; and/or who failed to report, process or investigate the occurrences made the basis of this lawsuit, and whose names or identities are unknown at the present but will be added by amendment when ascertained. <br><br> Defendants. | ))))))))))))))))))))))))))) | CV-2021-_____ |

## COMPLAINT

COME NOW the Plaintiffs, Todd Boehm and Lauren Boehm ("Plaintiffs" or "Boehm's"),

1

by and through the undersigned counsel, and allege against the Defendants, as follows:

## THE PARTIES

1.  The Plaintiffs Todd Boehm and Lauren Boehm are husband and wife and at all times material were adult resident citizens of Mobile County, Alabama, and have, since approximately February 2014, owned certain real property located within Mobile County and more particularly described and known as 260 Ridgelawn Drive West, Mobile, Alabama 36608. At the time the Plaintiffs purchased the above-described property, the Plaintiffs received a retreat and repair contract from Defendant, The Terminix International Company Limited Partnership ("Terminix").

2.  Defendant Terminix is, on information and belief, a foreign limited partnership which was established in the State of Tennessee and which, at all times material, was conducting business in Mobile County, Alabama. The principal place of business in Mobile County, Alabama for Terminix is 1032 North University Boulevard, Mobile, Alabama 36608. Terminix is licensed with the Alabama Department of Agriculture and Industries as a pest control company and is licensed to carry on work in the field of treatment and prevention of wood destroying organisms, including termites. As such, Terminix and its employees, agents, and servants are subject to the provisions of Alabama Code § 2-28-1, *et seq*., and, among other applicable laws and regulations, Alabama Administrative Code § 80-10-9-.01, *et seq*. Defendant Terminix is responsible for all of the acts described in this Complaint performed by its agents, servants, and/or employees, and is further responsible for any and all corporate decisions that relate to the actions or inactions referenced in the Complaint.

3.  The individually named fictitious Defendants labeled as 1 through 10, are (or were)

certified pest control operators and/or high level managers, officers, or officials, and/or termite service technicians, treatment specialists or inspectors for Terminix, and at all times material were acting within the line and scope of their employment as agents, servants, or employees of Terminix. The fictitious Defendants were material participants in the events involved in this litigation and/or conspired with one another and with the other named Defendants in order to carry out the actions or omissions complained of herein.

4. At all times material, Defendants undertook a duty to perform an initial treatment or other treatment for subterranean and Formosan termites on the property made the basis of this complaint, and to ensure that such treatment(s) was (were) performed in accordance with label requirements and the relevant provisions of the Alabama Administrative Code which govern treatment for subterranean or Formosan termite control or eradication. Also, at all times material, the Defendants, by undertaking to inspect and/or treat the subject property for subterranean or Formosan termites, failed to inspect, treat, and/or retreat in accordance with the minimum requirement s set forth in Alabama Administrative Code §§ 80-10-9-.20 and .21, and otherwise to comply with the relevant provisions of the Alabama Administrative Code.  Moreover, in the event of a failure on the part of the Defendants to adequately perform inspections, the Defendants had a continuing and repeating duty to disclose to the Plaintiffs that such inspection(s) and resulting treatment(s) had not been adequately performed, and to remedy any deficiencies in the mechanics of treatment of the subject property. In addition, or in alternative, each of the above-named fictitious Defendants was a material participant.

5. Moreover, the Defendants had a duty under applicable State Codes and Regulations, and pursuant to the parties' contractual relationship, to perform annual inspections

and, as necessary, adequate treatments, in a professional manner. Defendants had a duty of full disclosure, and at all times material had a duty to truthfully report to the Plaintiffs the condition of the subject home, and whether the home had active or previous termite infestation or damage or visible signs of same, as well as to perform the proper treatments necessary for eliminating the termite infestation, and to perform any such inspections and/or treatments with diligence and in a professional manner. In performing or failing to perform the acts herein alleged, the Plaintiffs allege that the Defendants conspired with or among one another and/or with other individuals or entities presently unknown to the Plaintiffs, to engage in the conduct made the subject of this complaint, and that each Defendant acted as an agent of one another. Defendants had a further duty to repair the termite damage caused while the Plaintiffs' home was under termite protection and while Terminix was allegedly performing adequate inspections and treatments on Plaintiffs' home and accepting annual renewal fees. Moreover, each of the offenses and/or torts, actions, or omissions alleged in this Complaint are continuing and repeating in nature.

6. This action arises out of a pattern and practice by the Defendants by failing to provide termite services that the Defendants are required by statute, regulation, contract, and/or good business practices to provide. The Plaintiffs allege that the Defendants have engaged in a pattern and practice of deceptive conduct and/or negligence and/or failing to fulfill their contractual or statutory or regulatory obligations to customers similar to the Plaintiffs. In addition, the action arises out of the pattern and practice of the Defendants in failing to properly inspect and/or treat for termites, including, but not limited to, subterranean termites and Formosan termites, as well as the failure on the part of the Defendants in failing to properly inspect and/or treat for termites, including, but not limited to, subterranean termites and Formosan termites, as

well as the failure on the part of the Defendants to honor termite claims by customers similarly situated to the Plaintiffs, and to make repairs to homes which have sustained damage as a result of termite infestations in accordance with contractual obligations entered into by and between customers such as the Plaintiffs and the Defendants, and failure to fulfill oral representations that one or more of the Defendants made to the Plaintiffs. The Defendants have also engaged in a pattern and practice of failing to disclose active or previous infestations of subterranean termites and/or Formosan Termites in annual Residential Termite Inspection Reports, and in making other misrepresentations in such reports, despite actual and/or constructive knowledge of active or prior infestations and/or other factors requiring action and disclosure.

7. The Plaintiffs further allege that the Defendants engaged in conduct in which the Defendants took active steps to conceal, and, as such, it was impossible for the Plaintiffs to discover the Defendants wrongdoing and/or omissions.

## JURISDICTION

8. This Court has jurisdiction over the Defendants in that the Defendants were, at all times material, doing business in Mobile County, Alabama. Also, the Plaintiffs are residents of Mobile County, Alabama and the residence which forms the basis of this lawsuit is situated in Mobile County. In addition, the common actions undertaken by the Defendants were carried out in Mobile County, or were effectuated such that they had implications for Terminix customers in Mobile County.

## FACTUAL BACKGROUND

9. The Plaintiffs purchased the subject property in February 2014 and were provided a retreat and repair termite contract with Terminix which protected the subject property against the

infestation of subterranean termites, including Formosan termites.

10. Upon information and belief, Defendant Terminix failed to properly or adequately treat the residence. Moreover, Terminix failed to perform adequate inspections each year the subject property was under contract with Terminix, despite the fact that the Defendants knew or should have known that inspections and adequate retreatments consistent with the requirements set forth in the Alabama Administrative Code were not being performed. Furthermore, the inspections performed by the Defendants were inadequate and incomplete, in that said inspections often only consisted of exterior inspections. The Defendants also failed to disclose the inadequacy of the treatments and inspections to the Plaintiffs.

11. In addition, all or part of the Defendants owed a duty to the Plaintiffs not only to correct any deficiencies in the mechanics of treatment, but also to disclose to the Plaintiffs that the home had not been properly treated by the Defendants in accordance with the provisions of The Alabama Administrative Code. The Defendants failed to disclose at any time that the home had never been properly treated and that it should have been retreated, where necessary and permitted, at each annual inspection following the Plaintiffs' purchase of the home. Terminix was required to inspect the Plaintiffs' house annually for termites so that, if necessary, Terminix could retreat the house in accordance with Alabama Administrative Code § § 80-10-9-.20 and .21.

12. Upon information and belief, Terminix never adequately treated the residence consistent with its regulatory obligations, both before and after the Boehm's purchased the home.

13. In May 2020, during the annual swarm season, a massive infestation was discovered in the south facing exterior wall of the Plaintiffs' home. Thousands of swarming termites spilled out of the walls.

14. The Plaintiffs contacted Arrow to conduct an inspection and treat the premises. It was at this time that the Plaintiffs first became aware that Terminix had inadequately treated the premises, if they even treated the premises at all, which enabled the infestation to occur and worsen.

15. The Plaintiffs' home now has substantial structural damage which will be very costly to repair.

## COUNT ONE

## FRAUD

16. The Plaintiffs reaver and reallege each and every allegation contained in paragraphs 1 through 15 above as if fully set out herein.

17. The Defendants repeatedly and continually misrepresented material facts to the Plaintiffs or the Plaintiffs' agents, upon which the Plaintiffs reasonably relied to their detriment, and the Defendants further engaged in conduct and practices which operated as a fraud upon the Plaintiffs. The fraudulent misrepresentations include, but are not limited to, (a) representations that thorough and complete inspections had been performed of the home by a competent and qualified inspector; and (b) that Defendants would pay for the termite damage to the Plaintiffs' home which occurred during the lifetime of the Plaintiffs' contract with Defendants, even if the damage was not discovered until after the contract was no longer in effect, all the while accepting annual payments from the prior owners and the Plaintiffs.

18. The false representations of the Defendants were intentional, reckless and/or innocent and to the extent said representations were promissory fraud, the Defendants did not intend to perform at the time said representations were made. In addition, to the extent the

representations were intentional or reckless, said representations were so reckless so as to justify an award of punitive damages.

19. The Plaintiffs relied to their detriment on the Defendants' misrepresentations.

20. As a direct and proximate consequence of the Defendants' misrepresentations, and the Plaintiffs' reasonable reliance thereon, the Plaintiffs have been caused to suffer damages in the form of diminished value of their home, stigma damages, cost of repairs, as well as mental and emotional anguish and distress and other consequential damages.

21. The Defendants' actions were malicious, oppressive, reckless, and/or wanton to such an extent that an award of punitive damages is warranted.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in an amount to be determined by a jury, including, but not limited to, compensatory damages and punitive damages, together with court costs, attorney's fees, expert fees and any other relief to which the Plaintiffs may be entitled, the premises considered.

## COUNT TWO

### FRAUDULENT SUPPRESSION AND CONCEALMENT

22. The Plaintiffs reaver and reallege each and every allegation contained in paragraphs 1 through 15 above as if fully set out herein.

23. At all times material , the Defendants fraudulently suppressed and concealed certain material facts from the Plaintiffs or their agents while the Defendants were under a duty to disclose said facts to the Plaintiffs by virtue of the special and confidential relationship that existed by and between the parties and by virtue of the Defendants' undertakings and their contractual, statutory, and regulatory duties to customers similarly situated to the Plaintiffs. The fraudulent suppression

and/or concealment includes, but is not limited to, the fact that the Defendants failed to inform the Plaintiffs: (a) that the Defendants knew or should have known of the failure of adequate treatment on the home; (b) that the Defendants had a duty to rectify and remedy the inadequate treatment on the home; and (c) that the Defendants had failed to disclose to the Plaintiffs the fact that inadequate, incompetent, and incomplete annual inspections had or had not been performed on the home.

24. The Plaintiffs reasonably relied to their detriment on the silence of the Defendants, and the Defendants further engaged in conduct and practices which operated as a fraud or fraudulent concealment or suppression upon the Plaintiffs.

25. The fraudulent suppression and concealment referenced above was intentional, reckless, and/or innocent, and to the extent said suppression and concealment was intentional or reckless, was so reckless that the conduct warrants an award of punitive damages.

26. As a direct and proximate consequence of the Defendants' fraudulent suppression and concealment, the Plaintiffs have been caused to suffer damages in the form of diminished value of their home, stigma damages, cost of repairs, as well as mental and emotional anguish and distress and other consequential damages.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in an amount to be determined by a jury, including, but not limited to, compensatory damages and punitive damages, together with court costs, attorney's fees, expert fees and any other relief to which the Plaintiffs may be entitled, the premises considered.

## COUNT THREE

## BREACH OF WARRANTY

27. The Plaintiffs reaver and reallege each and every allegation contained in paragraphs

l through 15 above as if fully set out herein.

28.	At all times material, the Defendants warranted to the Plaintiffs that the Terminix warranties on the home would be honored by Terminix, and that the services provided by Defendants would be conducted or performed in a professional manner.

29.	The Plaintiffs or their agents were induced to rely, and did in fact rely, on the Defendants' warranties to their detriment.

30.	The Defendants breached their obligations under their express and implied warranties to the Plaintiffs. As a result thereof, the Plaintiffs have been caused to suffer damages in the form of diminished value of their home, stigma damages, cost of repairs, as well as mental and emotional anguish and distress and other consequential damages.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in an amount to be determined by a jury, including, but not limited to, compensatory damages and punitive damages, together with court costs, attorney's fees, expert fees and any other relief to which the Plaintiffs may be entitled, the premises considered.

## COUNT FOUR

### BREACH OF CONTRACT

31.	The Plaintiffs reaver and reallege each and every allegation contained in paragraphs 1 through 15 above as if fully set out herein.

32.	Pursuant to a written contract between the parties, the Defendants' contractual obligations required the Defendants to provide certain services at the Plaintiffs ' home, including, but not limited to, fulfillment of the Defendants' obligations under the contract with the Plaintiffs, proper and timely inspections of the Plaintiffs' home and treatment of termite damage and

infestation, and repair of such termite damage.

33. The Defendants breached said agreement by failing to honor their existing contracts and failing to adequately inspect the Plaintiffs' home and to pay for the repair of termite damage to the home which has arisen as a result of the termite infestation. In addition, the Defendants had a statutory and/or contractual duty to disclose any conditions which were conducive to termite activity and to disclose any termite damage and/or activity at the home to the Plaintiffs, as well as to maintain appropriate records of chemical use and treatment and appropriate records of annual inspections, including annual reports and other documents.

34. As a proximate consequence of said breach, the Plaintiffs have been caused to suffer damages in the form of diminished value of their home, stigma damages, cost of repairs, as well as mental and emotional anguish and distress and other consequential damages.

WHEREFORE, the Plaintiffs demand judgment against the Defendants in an amount to be determined by a jury, including, but not limited to, compensatory damages, together with court costs, attorney's fees, expert fees and any other relief to which the Plaintiffs may be entitled, the premises considered.

        Respectfully submitted,

        */s/ Henry R. Seawell, IV*
        HENRY R. SEAWELL, IV   (SEA033)
        Attorney for Plaintiffs,
        Todd Boehm and Lauren Boehm

**OF COUNSEL:**

THE SEAWELL FIRM, LLC
Post Office Box 40848
Mobile, AL   36640
(251) 434-5012 (Telephone)
(251) 434-5013 (Facsimile)
hseawell@seawellfirm.com



PLAINTIFFS RESPECTFULLY REQUEST A TRIAL BY JURY



PLEASE SERVE THE FOLLOWING DEFENDANT VIA CERTIFIED MAIL:

The Terminix International Company Limited Partnership
c/o CT Corporation System
2 North Jackson Street, Suite 605
Montgomery, Alabama 36104



                                          _____*/s/ Henry R. Seawell, IV*_____
                                          OF COUNSEL

ELECTRONICALLY FILED
12/1/2021 9:20 AM
02-CV-2021-902106.00
CIRCUIT COURT OF
MOBILE COUNTY, ALABAMA
JOJO SCHWARZAUER, CLERK

Revised 1-1-014; 4-1-99; 11-1-99

## IN THE CIRCUIT COURT OF MOBILE COUNTY, ALABAMA

```
_____          *

_____          *

Plaintiff(s)                      *

Vs.                               *     CIVIL ACTION NO. _____

_____          *     DATE COMPLAINT FILED: _____

                                  *
_____
Defendant(s)
```

## ASSIGNMENT TO EXPEDITED CASE MANAGEMENT SYSTEM AND GENERAL PRE-TRIAL ORDER

This case has been placed on the Expedited Case Management System which is designed to dispose of a case within 12 months after filing.

### OBJECTION TO INCLUSION IN SYSTEM

If a party to this cause believes that the cause is extremely complex or will involve unique problems and will be impossible to prepare for trial within the time frame of the system, he may, within 40 days after the date of this order, or if the party has not been served at the date of this order, within 40 days after service, file a motion requesting that the cause not be included in the system and that the parties be allowed additional time to prepare the cause for trial. A motion filed later than the aforesaid 40 days will not be considered by the Court, a discovery schedule will be set by the Court after conference with the parties. If a case is so excluded the General Pre-Trial Order will remain in effect unless specifically altered by the Court.

### DISCOVERY

Unless the Court sets a shorter time, all pre-trial discovery shall be completed within 270 days after filing of the complaint unless party filing Motion to Set and Certificate of Readiness requests additional period of time, not to exceed 60 days, and certifies that all discovery will be concluded within that time. Notwithstanding the foregoing, for good cause shown, the Court may permit, or parties may agree, that additional discovery procedures be undertaken anytime prior to trial, so long as such discovery can be completed so as not to require a continuance of the trial setting.

### MOTION TO SET AND CERTIFICATE OF READINESS

Counsel for the plaintiff shall, and counsel for any other party may, file a Motion to Set and Certificate of Readiness, which shall be filed not later than 270 days after the filing of the complaint. If such motion is not filed by the 280th day, the Court will place the case marked "To Be Dismissed", on a disposition docket as near as possible to the 300th day and send notice of such to all parties. If a Motion to Set and Certificate of Readiness is not received by the Court prior to the disposition date, the case will be dismissed.

The Motion to Set and Certificate of Readiness will be in a form similar to that available in the Clerk's Office and will contain the following information:

    (1) The date the complaint was filed;

    (2) That the issues in this cause have been defined and joined;

    (3) That all discovery has been completed or will be completed 60 days after the filing of the Certificate of Readiness;

    (4) That a jury demand has or has not been demanded;

  (5) The expected length of the trial expressed in hours and/or days;

  (6) A brief description of the plaintiff's claim;

  (7) The names, addresses and telephone numbers of the parties or their attorneys responsible for their litigation;

  (8) That the movant certifies that all expert witnesses expected to testify at trial have been disclosed to all parties, together with a summary of their opinions;

  (9) That the movant acknowledges his/her responsibility to make all documents, exhibits, and physical evidence, or copies thereof, expected to be used in the case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying;

  (10) That the movant certifies that he/she has rad the pre-trial order, and that he/she has complied with it to date and will comply with its requirements in the future.

The filing by the plaintiff of a Motion to Set and Certificate of Readiness constitutes the voluntary dismissal of all fictitious parties whose true names have not been substituted.

## CONTROVERTING CERTIFICATE

Within 14 days after a Motion to Set and Certificate of Readiness has been filed, counsel for any other party may file a Controverting Certificate specifying the particular statements contained in the Certificate of Readiness to which objection is made, and the reason therefore. Oral argument may be requested. The Court shall thereupon enter an order placing the case on the Active Calendar either immediately or, where for good cause is shown, at a specified later date.

## ACTIVE CALENDAR

Fourteen days after a Motion to Set and Certificate of Readiness is filed, if a Controverting Certificate has not been filed, the case shall be placed on the Active Calendar, unless otherwise ordered by the Court

## SETTING FOR TRIAL

Unless specifically set by the Court, cases on the Active Calendar shall be set for trial generally in the same order as they came on the Active Calendar and as soon as possible. Preference shall be given to cases which by statute, rule or order of the Court are entitled to priority. Counsel shall be given at least sixty days notice of the trial date.

## DELAY

When a case has been set for trial, no postponement of the trial will be considered by the Court except on a written motion substantially in the form previously approved by the Court. (Obtain from the Court a Request for Delay form)

## NOTIFICATION OF SETTLEMENT

In order to provide other litigants with prompt trial settings all attorneys shall notify the Court of settlement, regardless of the status or state of the case (discovery stage, active calendar or trial calendar)

## GENERAL PRE-TRIAL ORDER

To expedite pre-trial and trial procedures, it is ORDERED, BY THE Court that the following will apply:

1. **EXHIBITS, DOCUMENTS AND PHYSICAL EVIDENCE**

a. Each party shall identify in writing to all other parties and shall make all documents, exhibits and physical evidence, or copies thereof, expected to be used in this case in chief available to the other parties, not less than 21 days prior to trial, for inspection and copying. The same shall then be authenticated and admitted into evidence without further proof, unless written objections to any such documents or exhibits be made to the Court not less than 14 days prior to trial specifying the grounds of objection to the genuineness and relevancy of the proposed documents, exhibits and physical evidence used solely as impeachment evidence.

b. Documents, exhibits or physical evidence not timely exhibited to or made available to other parties prior to trial under this Order will not be admitted into evidence at trial unless solely for impeachment purposes or unless the ends of justice so require.

c. Documents, exhibits or physical evidence so admitted hereunder shall be presented to the court reporter for marking in evidence prior to trial.

## 2. DOCTOR, HOSPITAL AND MEDICAL RECORDS

a. If applicable, all doctor, medical and hospital bills shall be sent or made available to all parties not less than 21 days prior to trial and shall be admitted in evidence as reasonable without further proof, unless written objection to any such bill be made to the Court no less than 14 days before trial specifying the grounds for objection.

b. Any such bill not timely exhibited to other parties will not be admitted at trial unless the ends of justice so require.

c. The bills so admitted shall be presented to the court reporter for marking in evidence prior to trial.

## 3. DAMAGES

a. All parties seeking special damages shall furnish the other parties with a list thereof not less than 21 days prior to trial. Written objections thereto may be made not less than 14 days before trial specifying the grounds of objections.

b. Evidence of special damages claimed, but not time exhibited to other parties, will not be admitted into evidence unless the ends of justice so require.

## 4. AGENCY-TIME AND PLACE-DUTY

a. Agency and the time and place of the incident involved, if alleged in the complaint, and, if a negligence case, the existence of a duty, are admitted and the parties are deemed correctly named and designated unless specifically denied by answer or unless written objection is made not less than 14 days before trial. The objections shall include the correct name and entity and/or grounds relied on.

## 5. EXPERTS

a. Unless previously obtained by discovery, each party will furnish to all other parties the names, addresses and qualifications of all expert witnesses expected to testify, together with a brief summary of their opinions. Such disclosure of experts shall be made by the party filing the Motion to Set and Certificate of Readiness not later than the time of filing of such motion. Disclosure by all parties shall be made not later than 14 days after the filing of the Motion to Set and Certificate of Readiness.

b. Disclosure of experts in cases not included in the Fasttrack system shall be made by all parties not less than 60 days before trial.

c. Unless written objection to the qualifications of an expert is made not later than 30 days before trial, stating grounds, the qualification of such experts will be admitted.

d. Upon calling an expert to testify at trial, the attorney may state to the Court and jury the name, address and summary of the qualifications of the expert.

## 6. JURY INSTRUCTIONS

a. If a case is to be tried by a jury, requested written charges shall be submitted to the Court not less than the close of the plaintiff's case, subject to supplementation during the course of the trial on matters which could not be reasonably anticipated. Each requested charge will be typed on letter sized paper and identified by the party's last name and shall be numbered.

## 7. JURY SELECTION

a. Before the commencement of trial, the parties will furnish or advise the Court, outside the presence of the jury, the names of all insurance companies involved and any special voir dire questions for the purpose of qualifying the jury.

## 8. DUTY TO SUPPLEMENT DISCOVERY

a. All parties are under duty to supplement responses to discovery as provided by Rule 26(e)(3) ARCP which

should be done not less than 30 days before trial.

## 9. MOTIONS GENERALLY

a.  If motion to strike or dismiss a pleading is filed, the Court will not consider such unless a copy of the pleading sought to be struck or dismissed is attached thereto.

## 11. CONFLICTS

a.  In the event of scheduling conflict affected counsel shall comply with the Attorney Calendar Conflict Resolution Order of the Alabama Supreme Court.

It is further ORDERED, by the Court that the Court will consider any portion of the General Pre-Trial Order upon timely application by any party.

Done this _____ day of _____

_____
Presiding Judge, Michael A. Youngpeter

**UNITED STATES POSTAL SERVICE**

December 3, 2021

Dear Circuit Clerk:

**UJS Information**

Case Number: 02-CV-2021-902106.00
Document Type: Complaint
Restricted Delivery Requested: No

Intended Recipient:
THE TERMINIX INT'L CO., LP  (D001)
2 NORTH JACKSON STREET
SUITE 605
MONTGOMERY, AL 36104

The following is in response to your request for proof of delivery on your item with the tracking number: **9214 8901 7301 4102 2100 1358 35**.

## Item Details

| | |
|---|---|
| **Status:** | Delivered |
| **Status Date / Time:** | December 3, 2021, 9:40 am |
| **Location:** | MONTGOMERY, AL 36104 |
| **Postal Product:** | First-Class Mail® |
| **Extra Services:** | Certified Mail™ |
| | Return Receipt Electronic |

## Shipment Details

| | |
|---|---|
| **Weight:** | 4.0oz |

## Recipient Signature

Signature of Recipient: *Jennifer Lockwood*
Printed Name: Jennifer Lockwood

Address of Recipient: 2 N Jackson St 605

Note: Scanned image may reflect a different destination address due to Intended Recipient's delivery instructions on file.

Thank you for selecting the United States Postal Service® for your mailing needs. If you require additional assistance, please contact your local Post Office™ or a Postal representative at 1-800-222-1811.

Sincerely,
United States Postal Service®
475 L'Enfant Plaza SW
Washington, D.C. 20260-0004