IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| TODD BOEHM, et al., | ) |
| | ) |
| Plaintiffs, | ) |
| | ) |
| v. | ) CIVIL ACTION 22-0001-WS-M |
| | ) |
| THE TERMINIX INTERNATIONAL | ) |
| COMPANY LIMITED PARTNERSHIP, | ) |
| | ) |
| Defendant. | ) |

**ORDER**

This matter is before the Court on its *sua sponte* review of its subject matter jurisdiction. The complaint alleges various causes of action based on the discovery of termites at the plaintiffs' residence. Because the complaint does not demand a specific sum, the defendant "must prove by a preponderance of the evidence that that the amount in controversy more likely than not exceeds" $75,000, exclusive of interest and costs. *Roe v. Michelin North America, Inc.*, 613 F.3d 1058, 1061 (11th Cir. 2010).

In its notice of removal, the defendant simply noted that the complaint demands damages in the form of repair costs, diminished home value, stigma damages, and punitive damages. (Doc. 1 at 5-6). Because the defendant articulated no non-speculative way to conclude that these glittering generalities more likely than not place more than $75,000 in controversy, the Court ordered the defendant to file such supplemental material as it deems appropriate and sufficient to carry its burden of showing the existence of subject matter jurisdiction. (Doc. 6). The defendant has done so. (Doc. 7).

"When the complaint does not claim a specific amount of damages, removal from state court is proper if it is facially apparent from the complaint that the amount in controversy exceeds the jurisdictional requirement." *Williams v.*

*Best Buy Co.*, 269 F.3d 1316, 1319 (11th Cir. 2001).  "If the jurisdictional amount is not facially apparent from the complaint, the court should look to the notice of removal and may require evidence relevant to the amount in controversy at the time the case was removed."  *Id*.  The defendant relies almost exclusively on the allegations of the complaint, supplemented only with a photograph of the residence, its purchase price, and two estimates of its fair market value.  (Doc. 7 at 3; Doc. 7-1 at 17; Docs. 7-2, 7-3).

"[C]ourts may use their judicial experience and common sense in determining whether the case stated in a complaint meets federal jurisdictional requirements."  *Roe*, 613 F.3d at 1062.  "Eleventh Circuit precedent permits district courts to make 'reasonable deductions, reasonable inferences, or other reasonable extrapolations' from the pleadings to determine whether it is facially apparent that a case is removable."  *Id*. at 1061-62 (quoting *Pretka v. Kolter City Plaza II, Inc*., 608 F.3d 744, 754 (11th Cir. 2010)).  What the Court may not do is "speculate," or "hazard a guess on the jurisdictional amount in controversy … in an attempt to make up for the [removal] notice's failings."  *Pretka*, 608 F.3d at 752 (internal quotes omitted).

The defendant primarily argues that the cost of repairing the damage to the home of itself more likely than not exceeds $75,000.  (Doc. 7 at 2).  They note that the complaint alleges a "massive infestation," involving "[t]housands of swarming termites," in "the south facing exterior wall."  (Doc. 1-1 at 8).  They then point to the 2014 purchase price of the property of $335,000, along with a recent Realtor.com "estimated home value" of $453,100 and a Zillow.com "Zestimate" of $503,900, to conclude that repair costs alone exceed the jurisdictional threshold.

The defendant has not attempted to show the reliability of the value estimates, but the Court assumes their accuracy for present purposes.  The defendant's damages methodology, however, is facially insupportable, as it explicitly assumes that repair costs are a function of home value.  Under the defendant's reasoning, identical damage to an identical home located in a less

Case 1:22-cv-00001-WS-MU   Document 8   Filed 01/25/22   Page 3 of 5   PageID #: 123

desirable Mobile neighborhood (with consequently lower property values) would cost substantially less to repair – an illogical result the defendant makes no effort to explain or defend. Similarly, under the defendant's reasoning, the cost to repair identical damage to the subject property in 2014 would have been one-third lower,[1] even though there is not a shred of evidence that the subject property has been improved in the slightest degree since the plaintiffs purchased it.

The question, of course, is not how much the house is worth, but how much damage the termites caused. A "massive infestation" of "thousands of swarming termites" sounds viscerally bad but, without factual context that the defendant has not provided (for example, how termites infiltrate houses, how quickly and how far they spread, how fast they damage wood, how large their numbers must be to accomplish a given magnitude of damage, etc.), these are merely colorful descriptions of a problem of unknown scope.

The defendant suggests that the damage extends to "an entire wall" of the house, (Doc. 7 at 3), but that is not what the complaint alleges. Instead, it claims an infestation "in the south facing exterior wall." (Doc. 1-1 at 8). This language confines the damage to that wall, but it does not expand the damage to the entirety of that wall. Once again, factual context might have demonstrated that the issue probably implicates the entire length of the wall, but the defendant offers none.[2]

In addition to cost of repairs, the plaintiffs seek damages "in the form of diminished value of their home, [and] stigma damages." (Doc. 1-1 at 10). The defendant asserts that the only claimed basis for diminution in value is "the stigma

---

[1] The 2014 cost of $335,000 is 66.5 % of the Zestimate.

[2] The defendant finds its position as to damages "plausible," (Doc. 7 at 3), but that is not the governing standard. While "a defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold," *Dart Cherokee Basin Operating Co. v. Owens*, 574 U.S. 81, 89 (2014), once "the plaintiff contests, or the court questions, the defendant's allegation," "[e]vidence establishing the amount is required," *id*., and the standard becomes the "more likely than not" measure of *Roe*. *Cf. Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 557 (2007) (plausibility is not probability).

associated with termites." (Doc. 7 at 4). According to the defendant, "'stigma damage' is neither recoverable nor a proper measure of damage." (*Id.*).

"When state law precludes the recovery of a form of damages demanded by the plaintiff, that form of damages may not be considered in determining whether the jurisdictional threshold is met." *SUA Insurance Co. v. Classic Home Builders, LLC*, 751 F. Supp. 2d 1245, 1253 (S.D. Ala. 2010).[3] To the extent the defendant suggests that Alabama law does not permit the recovery of stigma damages, no value can be assigned to the demand for that form of damages. And since the defendant insists that stigma is the complaint's only basis for a claim of diminution of value, diminished value likewise cannot contribute to the amount in controversy.

Even if stigma damages, or diminished value damages generally, are recoverable under Alabama law in a case such as this, the defendant offers no principled basis for concluding that the complaint places any significant amount of such damages in controversy. The defendant does not assert, for example, that homes with repaired termite damage typically lose a predictable percentage of their pre-infestation value. Indeed, the defendant offers no argument at all and thus leaves the Court entirely to speculation.

Next, the defendant notes that the plaintiffs allege they suffered mental anguish as a result of the defendant's conduct. (Doc. 7 at 7). Again, the defendant merely notes the demand without identifying any non-speculative means of estimating a magnitude of damages that this unadorned allegation places in controversy.

Finally, the defendant stresses the complaint's demand for an award of punitive damages. (Doc. 7 at 4-7). The defendant notes that the demand is based on the allegation that the defendant did not adequately treat or inspect the

---

[3] *See, e.g., Boyd v. Homes of Legend, Inc.*, 188 F.3d 1294, 1299-1300 (11th Cir. 1999) (where Alabama law precluded recovery of punitive damages, a demand for such damages could not contribute to the amount in controversy).

4

plaintiffs' home, rectify the inadequacy, or tell the plaintiffs of its failure. (Doc. 1-1 at 11). Such conduct, if proved, would presumably support an award of punitive damages, but again the defendant points to no non-speculative way to assign a probable range to such an award. *See, e.g., Federated Mutual Insurance Co. v. McKinnon Motors, LLC*, 329 F.3d 805, 809 (11th Cir. 2003) (that a number of Alabama cases have awarded over $75,000 in punitive damages for bad faith failure to pay an insurance claim "does nothing to overcome the indeterminate and speculative nature of" a defendant's assertion that the bad faith claim asserted against it placed $25,000 in controversy). The defendant says without explanation that the complaint's allegations are "inflammatory" and "fiery," (Doc. 7 at 8), but they appear to represent about the bare minimum necessary to support an award of punitive damages. Simply stating, as the defendant does, that the demand of itself establishes the amount in controversy, (Doc. 7 at 5), does not make it so. As this Court has noted, "there is nothing talismanic about such a demand [for punitive damages] that would *per se* satisfy the amount-in-controversy requirement …." *Lambeth v. Peterbilt Motors Co.*, 2012 WL 1712692 at *4 (S.D. Ala. 2012).

The burden is on the removing defendant, not the Court, to demonstrate the existence of subject matter jurisdiction. Neither judicial experience, common sense, nor reasonable extrapolation supports the defendant's speculative *ipse dixit* that the complaint places over $75,000 in controversy. Because, for the reasons set forth above, the defendant has failed to carry its burden, this action is **remanded** to the Circuit Court of Mobile County for want of subject matter jurisdiction.

DONE and ORDERED this 25th day of January, 2022.

s/ WILLIAM H. STEELE
UNITED STATES DISTRICT JUDGE

5